# BALTIMORE CITY COURT.

Filed January 31, 1919.

GIOVANNI PICANARDI
VS.
EMERSON HOTEL COMPANY, ET AL.

*C. Morrison Harrison* for claimant.

*Guion Miller, Bartlett, Poe & Claggett* for defendants.

BOND, J.—

The prayer of the employer and insurer offered at the trial was granted on the theory that the Workmen's Compensation Act did not intend that the benefits payable should be computed upon the value of board previously unestimated, in addition to money received as weekly wages. Section 18 expressly excludes such an item as board from the basis of computation of premiums for the State Accident Fund, unless its value should be fixed at the time of hiring. And it seemed to me we were not permitted to suppose that the legislature meant that the compensation, also to be based on the weekly wages, might have a much broader basis while the basis of premiums for securing the compensation had the fixed, narrower basis stated. After that ruling, and the verdict which followed upon it, I was informed that the State Industrial Accident Commission had met the difficulty with a rule that compensation on the basis of board might be allowed if at the time of hiring it had been clearly agreed that board should form part of the weekly wages, even though the value of the board had not then been fixed so that premiums commensurate with the risk might be collected. It was in order that this plan might be more fully argued and considered that

I asked to have the question reopened by a motion for a new trial. Further study of the act seems to me, however, only to confirm the first conclusion.

It is quite clear that it is the purpose of the Workmen's Compensation Act to secure the payment of benefits, not from the unknown and uncontrolled assets of the individual employers, but, ordinarily, at least, from a fund set apart in advance of losses, either in the shape of the State Accident Fund or in the shape of insurance. This fund is to be made up of premiums payable from time to time; and, to the extent that experience makes it possible to foresee, the premiums are calculated to equal in the aggregate the benefits to be paid—in addition to the incidental expenses with which we are not concerned. All the provisions of the Act concerning security for compensation are carefully designed to effectuate this plan.

The State Accident Fund is created by premiums equal to fixed percentages of the money paid under employers' payrolls (Secs. 17, 18 and 19). Provision is made for the facilitation of calculation on the basis of these payrolls (Secs. 20 and 21). And all this is designed to make the fund sufficiently large to cover "the catastrophe hazard" and "adequate to meet anticipated losses and carry all claims and policies to maturity" (Sec. 23). And provision is made (Sec. 29), to compel corporate insurers "to establish and maintain adequate rates to cover respective risks to which their policies are applicable under the provisions of this article." The funds to pay the losses then are due to be made up of an aggregate of percentages of money paid on payrolls, this aggregate being an estimate of the aggregate losses to be paid. But obviously those funds will not equal the losses if the losses on their part are to be calculated on the broader basis. The whole scheme will be upset. And the item of board is a very uncertain quantity; it may be measured by any one of three standards of value: That of cost to the employer, that of price to hotel guests, or that of cost to the employee outside; and the value according to any one standard is not a fixed quantity.

I can only repeat that I think we are not permitted to suppose that the legislature meant to have the funds provided to pay losses calculated upon a smaller basis than that allowed for the calculation of the losses themselves. That is equivalent to saying that "average weekly wages" under Section 36, in which the scale of benefits is fixed, means wages in money or other things which have been given a fixed money value at the outset, just as it does in the earlier sections concerning the making up of the State Accident Fund and the provision of adequate insurance. This is confirmed by the letter of the Statute. In Section 17, "percentage of payroll" and "percentage of wages" are used as synonymous terms. And we seem to have a similar identity of measure in Section 36 itself, for there it is provided that the allowance of "fifty *percentum* of the average weekly wages" for permanent total disability shall not be less than a minimum of five dollars per week "unless the employee's established weekly wages are less than five dollars per week." It would be straining these last words to interpret them as including board of undetermined value if such an element entered into the employee's agreement.

It may be added that such an uncertainty in the basis of compensation of benefits as the item of board when unvalued, fruitful of litigation as it must inevitably be, is notoriously inconsistent with the purposes in mind when the Workmen's Compensation Act was planned.

It is true that there is a difficulty involved in the construction of the Act which is here set out. It is, perhaps, too much to expect of workmen who are not well-informed and advised, that they should take heed of a requirement that when they agree for such and such an amount of wages *and board*, they must have the board translated into money, or lose so much of the proper basis of their compensation. And that consideration furnishes a strong argument against the construction which brings about such a situation. But after the most careful study I am able to give to the point I cannot avoid the conclusion that the legislature has provided as I have construed it above, and has left standing whatever difficulty there may be in the respect mentioned.

Possibly I may be exaggerating the difficulty to workmen.

The motion will be overruled for these reasons.